RECEIPT # 65556
AMOUNT $ 250
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 7-11-05

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBIN BRISTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 05-2805 |
| ) | |
| KALAMA BEACH CORPORATION, ) | |
| ) | |
| Defendant. ) | |

05-11459 DPW

MAGISTRATE JUDGE Collings

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Kalama Beach Corporation ("Kalama Beach") hereby removes the above-entitled action to this Court based on the following grounds:

1.   On or about July 7, 2005, plaintiff Robin Brister ("Brister") commenced a civil action against Kalama Beach Corporation in the Suffolk County Superior Court, Commonwealth of Massachusetts, entitled <u>Robin Brister v. Kalama Beach Corporation</u>, Civil Action No. 05-2805, seeking damages in the amount of $175,000.00, and alleging wrongful termination.

2.   Pursuant to 28 U.S.C. §§ 1446(a), true and correct copies of all process, pleadings, and orders which Plaintiff served on Kalama Beach are attached as Exhibit A.

3.   This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff alleges violations of the following federal statutes:

(a)   The Family and Medical Leave Act, 29 U.S.C. §§2601 et seq.; and

(b)   The Pregnancy Discrimination Act, 42 U.S.C. §§ 2000e-2(a).

4.  Kalama Beach received service of the Plaintiff's Complaint and Summons on July 7, 2005. Since Kalama Beach filed this Notice of Removal within 30 days of the date of receipt of service, the Notice of Removal is timely under 28 U.S.C. § 1446(b). Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354-55 (1999).

5.  Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, will be filed with the Clerk of the Suffolk County Superior Court, Commonwealth of Massachusetts. All adverse parties will receive a copy of the notice filed with that court.

6.  Pursuant to Local Rule 81.1(a), Kalama Beach will request from the Clerk of the Suffolk County Superior Court certified or attested copies of all records and proceedings in the state court, and certified or attested copies of all docket entries therein, including a copy of this Notice of Removal, and will file the same with this Court within thirty days after the filing of this Notice of Removal.

WHEREFORE, Kalama Beach removes the above-captioned action pending in the Suffolk County Superior Court to this Court.

KALAMA BEACH CORPORATION

By its Attorney,

_____
Lynn Kappelman (BBO # 642017)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

DATED: July 11, 2005

*The Commonwealth of Massachusetts*

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Suffolk | Docket Number COPY |
|---|---|---|

| PLAINTIFF(S) ROBIN BRISTER | DEFENDANT(S) KALAMA BEACH CORPORATION |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE David E. Belfort; Corrigan, Bennett & Belfort; 1 Kendall Sq., Bldg 300 Fl. 2; Cambridge, MA Board of Bar Overseers number: 02139; (617) 577-8800 BBO# 634385 | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104
     (Before trial)    (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/
     Order (Mass.R.Civ.P. 60)                      (X)
[ ] 6. E10 Summary Process Appeal                  (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrim. | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses .................................................. $.............
   2. Total Doctor expenses .................................................... $.............
   3. Total chiropractic expenses ............................................. $.............
   4. Total physical therapy expenses ........................................ $.............
   5. Total other expenses (describe) ........................................ $.............
                                                              Subtotal $.............
B. Documented lost wages and compensation to date ........................ $.............
C. Documented property damages to date .................................... $.............
D. Reasonably anticipated future medical and hospital expenses ........... $.............
E. Reasonably anticipated lost wages ....................................... $.............
F. Other documented items of damages (describe)
                                                                      $.............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Defendant wrongfully disciplined and terminated Plaintiff due to Plaintiff's gender and pregnancy, and denied Plaintiff maternity leave in violation of M.G.L. c. 151B and other applicable laws.  $.............
                                                        TOTAL: $.175,000.0

## CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                              TOTAL   $.............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____  DATE: 7/5/05

A.O.S.C. 2003

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                DOCKET NO.

| | |
|---|---|
| ROBIN BRISTER, )<br>Plaintiff )<br>)<br>v. )<br>)<br>KALAMA BEACH CORPORATION, )<br>Defendant. ) | COMPLAINT AND<br>DEMAND FOR TRIAL BY JURY |

COPY

# I.
## PARTIES

1. Plaintiff, Robin Brister ("Brister") is an individual residing at 53 Crest Avenue, Apartment One, Winthrop, Massachusetts 02152.

2. Defendant, Kalama Beach Corporation ("Kalama Beach") is a corporation formed under the laws of the State of Hawaii with a principal business address at 3536 Harding Avenue, Honolulu, Hawaii 96816.

# II.
## FACTS OF THE COMPLAINT

3. Brister began her employment at Kalama Beach on or about August 21, 2000, as a retail sales associate. In January, 2001, following a series of promotions, Brister was named store manager at Lamont's Gift Shop in the Hilton Hotel at Logan Airport.

4. As store manager, Brister's duties included supervising store employees, overseeing the appearance of the store, ordering merchandise, and communicating with upper management. Brister was a successful manager and ran a profitable store. During Brister's tenure as store manager, Kalama Beach gave her several

raises in pay. In fact, in May of 2002, Kalama Beach, in an effort to retain her, increased Brister's salary to match a competing offer from another prospective employer.

5. In August, 2002, Brister notified her supervisor, District Manager Lori Hoppe ("Hoppe") that she was pregnant. Prior to her announcement of pregnancy, Brister had no record of performance-related problems, written or verbal warnings, or any other significant disciplinary issues.

6. Around the same time she announced her pregnancy to Kalama Beach, Brister began suffering from pregnancy-related complications. On a number of occasions, Brister's physician ordered her to remain out of work on bed rest due to the severity of her complications. In addition, Brister occasionally took unpaid leave in order to attend doctor's appointments.

7. In December, 2002, Brister requested an extended maternity leave, in addition to the eight (8) weeks provided under company policy. Brister initially approached Hoppe with her request. Hoppe told Brister that she could take an extended maternity leave, provided Kalama Beach Vice President Harvey Durand ("Durand") agreed.

8. In January, 2003, Brister discussed her extended leave with Durand, who agreed to permit Brister to take an extended maternity leave as long as Hoppe approved. Brister then spoke with Hoppe, who stated that she would allow Brister the extended leave.

9. On January 9, 2003, Brister received a verbal reprimand from Hoppe regarding an alleged violation of the Kalama Beach dress code that purportedly occurred on

December 19, 2002. That day, Brister was dressed in maternity wear that complied with the dress code. However, Hoppe stated that she believed Brister's appearance was not professional and that her attire violated the Kalama Beach dress code. Hoppe suggested that Brister purchase a black dress and wear it for the duration of her pregnancy.

10. On March 11, 2003, Brister received a written reprimand from Hoppe for an incident that purportedly occurred on February 21, 2003. On that date, Durand visited Lamont's Gift Shop and apparently found the store to be disordered and the back room unorganized.

11. Brister was not present during Durand's visit, which occurred in the days following a heavy snowstorm. Because of this snowstorm, many travelers were stranded, and the store experienced a significantly higher sales volume. In addition, Brister was approximately eight (8) months pregnant at the time and her physical condition prevented her from lifting items and climbing a ladder, which is necessary in order to organize the back room.

12. The written reprimand of March 11, 2003, omitted any mention of the extenuating circumstances surrounding the store's condition. In addition, on the same form, Hoppe notified Brister that she would not be granted more than a total of eight (8) weeks of maternity leave. This came as a great surprise to Brister because Hoppe and Durand previously agreed to provide Brister with an extended maternity leave.

13. On March 29, 2003 Brister was scheduled to meet Hoppe and two buyers at the store, on Brister's day off, between 9:00 and 9:30 that Saturday morning. Brister

arrived at the store at 8:45 a.m. and waited for Hoppe and the buyers until 10:15 a.m. Brister attempted to call Hoppe's cell phone, but received no answer. At this point Brister left the store to attend to personal matters.

14. At 11:51 a.m., Hoppe telephoned Brister and asked why she was not at the store. Brister had told Hoppe prior to the scheduled meeting that she had plans for later in the day but could attend the meeting early in the morning. In fact, that was the reason the meeting was scheduled for 9:30 a.m.

15. On April 1, 2003 Hoppe informed Brister that she was suspended until further notice due to insubordination as a result of missing the meeting on March 29, 2003.

16. On April 3, 2003 at 10:55 a.m., Brister received a final paycheck and a check for her unused vacation time. At 2:06 p.m., Brister received a voicemail from Hoppe informing her that she was terminated from her employment at Kalama Beach.

### III.
### COUNTS OF THE COMPLAINT

### -- COUNT ONE --
### DISCRIMINATION ON THE BASIS OF GENDER/PREGNANCY
### (M.G.L. c. 151B)

17. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

18. Adversely modifying the terms and conditions of an individual's employment due to pregnancy and the need for maternity leave constitutes gender discrimination. See M.G.L. c. 151B and c. 149 § 105D.

19. Kalama Beach is an "employer" as defined at M.G.L. c. 151B § 1(5).

20. At the time of her termination, Brister was a pregnant woman.

21. During her employment, Brister performed the duties of her position satisfactorily.

22. Following the announcement of her pregnancy, Ms. Brister suffered adverse employment actions, including reprimands, suspension, and eventually termination, due to her pregnancy as a result of her employer's discriminatory animus.

23. Upon information and belief, Kalama Beach replaced Brister with an individual who was not pregnant and who possessed similar skills and qualifications.

24. Brister filed a timely Charge of Discrimination with the Massachusetts Commission Against Discrimination against Kalama Beach relative to the acts and practices alleged herein (MCAD Docket No. 03BEM01953).

25. As a result of the Defendant's actions, the Plaintiff has suffered injuries and damages.

-- COUNT TWO --
UNLAWFUL RETALIATION

26. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully set forth herein.

27. As described herein, Brister took leave time from her employment due to health complications related to her pregnancy and also took unpaid leave during her pregnancy in order to visit her physician. In addition, she requested maternity leave of at least eight (8) weeks from her employer, Kalama Beach.

28. Brister's leave from work due to health complications, leave from work to visit her physician, and request for maternity leave are protected activities under applicable disability discrimination, medical leave, and maternity leave statutes. See M.G.L. c. 151B; 29 U.S.C. §§ 2601 et seq.; and M.G.L. c. 149 § 105D, respectively.

29. Following Brister's leave due to health complications and request for maternity leave, Kalama Beach subjected her to adverse employment actions, including reprimands, suspension, and termination. There is a causal connection between Brister's protected activities and Kalama Beach's adverse employment actions against her.

30. As a result of the Defendant's actions, the Plaintiff has suffered damages.

## -- COUNT THREE --
## VIOLATION OF THE MASSACHUSETTS MATERNITY LEAVE ACT
## (M.G.L. c. 149 § 105D)

31. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

32. At the time of her pregnancy, Brister was eligible for maternity leave pursuant to the Massachusetts Maternity Leave Act, M.G.L. c. 149 § 105D ("MMLA").

33. Brister requested maternity leave more than two (2) weeks prior to her expected departure date in accordance with the MMLA.

34. Pursuant to the MMLA, Brister was entitled to eight (8) weeks of maternity leave.

35. Kalama Beach violated Brister's rights under the MMLA by terminating her prior to the beginning of her maternity leave. Kalama Beach's actions also constitute a violation of M.G.L. c. 151B. See M.G.L. c. 151B § 4(11A).

36. As a result of the Defendant's actions, the Plaintiff has suffered damages.

## -- COUNT FOUR --
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
## (29 U.S.C. §§ 2601 et seq.)

37. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

38. Kalama Beach is an "employer" for the purposes of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA").

39. At the time of her pregnancy, Brister was eligible for leave under the FMLA.

40. The FMLA requires employers to provide up to twelve (12) weeks of leave to eligible employees, *inter alia*, at the birth of a child, to subsequently care for that child, and for an employee's own serious health condition. Pregnancy and related medical conditions that cause an employee to be unable to work are included in the definition of a "serious health condition." 29 C.F.R. § 825.114 (a) (2) (ii).

41. Brister requested FMLA-qualifying maternity leave.

42. Kalama Beach violated Brister's rights under the FMLA by terminating her prior to the beginning of her maternity leave.

43. As a result of the Defendant's actions, the Plaintiff has suffered damages.

## -- COUNT FIVE --
## VIOLATION OF THE PREGNANCY DISCRIMINATION ACT
### (42 U.S.C. §§ 2000e-2(a), 2000e(k))

44. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

45. Title VII of the Civil Rights Act of 1964 provides as follows:

> [I]t shall be an unlawful employment practice for an employer...to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's...sex. (42 U.S.C. § 2000e-2(a))

46. Pursuant to the Pregnancy Discrimination Act of 1978 ("PDA"), the terms "because of sex" and "on the basis of sex" include because of or on the basis of pregnancy. 42 U.S.C. § 2000e (k). Furthermore, the PDA requires that women affected by pregnancy, childbirth, or related medical conditions be treated the same for all employment-related purposes as other similarly-situated, non-pregnant employees.

47. Kalama Beach violated Brister's rights under the PDA by subjecting her to discipline, including reprimand, suspension, and eventual termination, on the basis of her pregnancy.

48. As a result of the Defendant's actions, the Plaintiff has suffered damages.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Robin Brister, hereby requests that this Honorable Court award the following relief:

I. Compensatory damages;
II. Punitive damages;
III. Civil penalties in accordance with M.G.L. c. 151B § 5;
IV. Attorney's fees, costs, and interest;
V. Emotional distress damages;
VI. Lost wages; and
VII. Any other relief this Court deems fair and just.

## V.
## DEMAND FOR TRIAL BY JURY

The Plaintiff, Robin Brister, hereby demands a trial by jury on all issues and counts so triable.

Respectfully submitted,
Robin Brister
By her attorneys,

Dated: July 5, 2005

David E. Belfort
BBO# 634385
Michael L. Mason
BBO# pending
Corrigan, Bennett & Belfort, P.C.
One Kendall Square
Building 300, 2nd Floor
Cambridge, MA 02139
(617) 577-8800

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No._____

ROBIN BRISTER , Plaintiff(s)

v.

KALAMA BEACH CORPORATION , Defendant(s)

## SUMMONS

To the above-named Defendant: KALAMA BEACH CORPORATION

You are hereby summoned and required to serve upon David E. Belfort; Corrigan, Bennett & Belfort, P.C. plaintiff's attorney, whose address is 1 Kendall Sq., Cambridge, MA 02139, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the Fifth day of July, in the year of our Lord two thousand five.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                     SUPERIOR COURT DEPARTMENT
                                                 DOCKET NO.

| | |
|---|---|
| ROBIN BRISTER,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| KALAMA BEACH CORPORATION,<br>    Defendant. | )<br>)<br>) |

## ACCEPTANCE OF SERVICE

I, Lynn Kappelman, counsel to the Defendant, Kalama Beach Corporation, hereby accept service of the Complaint in the above-captioned matter on behalf of the Defendant.

Signed: _____                 Dated: July 7, 2005
        Lynn Kappelman, Esq.
        Seyfarth Shaw, LLP
        World Trade Center East
        Two Seaport Lane
        Suite 300
        Boston, MA 02210-2028

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  **Robin Brister v. Kalama Beach Corporation**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1 (d)).
   YES [ ]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **Lynn Kappelman**

ADDRESS  **Seyfarth Shaw LLP, 2 Seaport Lane, Suite 300, Boston, MA 02210**
TELEPHONE NO.  **617-946-4888**

(Coversheetlocal.wpd 10/17/02)
American LegalNet, Inc. | www.USCourtForms.com

OJS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Robin Brister

## DEFENDANTS
Kalama Beach Corporation

**(b)** County of Residence of First Listed Plaintiff **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David Belfort, Esq.
Corrigan, Bennett & Belfort, P.C.
One Kendall Square, Building 300, 2nd Floor
Cambridge, MA 02139
617-577-8800

Attorneys (If Known)
Lynn A. Kappelman, Esq.
Seyfarth Shaw LLP
2 Seaport Lane, Suite 300
Boston, MA 02210
617-946-4800

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [x] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury— Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [x] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Family Medical Leave Act, 29 U.S.C. §§2601 et. seq.; and 42 U.S.C. §§2000e

Brief description of cause:
Plaintiff claims she was terminated as result of her request for leave.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: July 11, 2005
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____