UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBIN BRISTER,

          Plaintiff,

v.

KALAMA BEACH CORPORATION,

          Defendant.

CIVIL ACTION NO.: 05-11459 DPW

## ANSWER

The Defendant, Kalama Beach Corporation ("Kalama Beach" or "the Company") hereby answers the Complaint, paragraph by paragraph as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and leaves Plaintiff to her proof.

2. Defendant admits the allegations in paragraph 2 of the complaint.

### FACTS OF THE COMPLAINT

3. Defendant denies the allegations contained in paragraph 3 of the complaint, except to admit that Kalama Beach hired Ms. Brister on August 21, 2000, as a Sales Associate in the Lamont's Gift Shop located in the Hilton Hotel at Boston's Logan Airport, and further admits that in December of 2000, the Company promoted Ms. Brister to Store Manager of the gift shop.

4. Defendant denies the allegations contained in paragraph 4 of the complaint, except to admit that as Store Manager of the gift shop Ms. Brister was responsible for all of her store's operations, including, among other things, supervising assistant managers, sales associates, stock clerks, and cashiers, and effectively managing total store operations. Defendant

also states that throughout her employment, Ms. Brister was a mediocre manager who struggled to run a less than profitable store. Finally, the Company admits that on January 13, 2003, the Company gave Ms. Brister a $700 raise, which was one of the lowest raises the Company gave to any of its managers.

5. Defendant denies the allegations contained in paragraph 5 of the complaint, except to admit that in August 2002, Ms. Brister informed Lori Hoppe ("Hoppe"), her District Manager, that she was pregnant.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, except admits that by separate notes, Ms. Brister's doctor advised that Ms. Brister was unable to work on August 30, 2002, September 30, 2002, October 7-13, 2002 and October 14-18, 2002. Defendant also affirmatively states that Hoppe and Kalama Beach approved each and every one of Ms. Brister's requests for leave and that Ms. Brister chose to use either her sick leave or to take a leave of absence for these absences.

7. Defendant denies the allegations contained in paragraph 7 of the complaint, except to admit that in October 2002, Ms. Brister asked Hoppe for additional leave in excess of her eight (8) weeks of maternity leave and Hoppe informed Ms. Brister she would need to seek approval from Hoppe's boss, the Vice President, General Manager, Harvey Durand.

8. Defendant denies the allegations contained in paragraph 8 of the complaint, except to admit that in October, 2002, Ms. Brister asked Durand for an extended maternity leave for a total of 13 weeks. Defendant also affirmatively states that during their discussion, Durand informed Ms. Brister that the Company would only grant her an extended leave if the gift shop was running efficiently and problem-free before she left on her maternity leave and Durand

reiterated the Company's operating procedures for ordering, stocking and customer service standards. Finally, Defendant affirmatively states that Durand told Ms. Brister that Hoppe would make the final decision regarding the length of Ms. Brister's leave, because Hoppe was Ms. Brister's Area Manager and had closer contact with the day to day operations of the gift shop.

9. Defendant denies the allegations contained in paragraph 9 of the complaint, except to admit that on January 9, 2003, Hoppe verbally counseled Ms. Brister for violating the Company's dress code, and requested that Ms. Brister follow the dress code. The January 2003, counseling notice referenced an incident which occurred on December 19, 2002, in which Hoppe and Renee Quarter met Ms. Brister for dinner and Ms. Brister arrived dressed in a striped T-shirt with blue knit stretch pants and white socks. The Defendant further admits that Hoppe told Ms. Brister she knew a pregnant employee who had purchased a business-like black dress which was loose fitting and she wore it to work as a uniform during her pregnancy.

10. Defendant denies the allegations contained in paragraph 10 of the complaint, except to admit that on March 11, 2003, Hoppe issued Ms. Brister a written counseling notice which resulted from Mr. Durand's February 21, 2003 unannounced visit to the Lamont's gift shop. Defendant further states that during Durand's visit, he saw the Gift Shop associate on duty sitting on a stool behind the cash register knitting, and the gift shop was in total disarray. Defendant further admits that when she issued the March 11 notice, Hoppe informed Ms. Brister that the Company would not extend her maternity leave beyond the required eight weeks because Ms. Brister's store was in such poor condition.

11. Defendant admits that Brister was not present during Mr. Durand's February 2003 visit, and states that it lacks sufficient knowledge and information to respond to the remaining allegations in paragraph 11 of the complaint, and leaves Plaintiff to her proof.

12. Defendant denies the allegations contained in paragraph 12 of the complaint, except to admit that at the same time that she issued the February written reprimand, Hoppe informed Ms. Brister that the Company would not extend her maternity leave beyond the required eight weeks because Ms. Brister's store was in such poor condition.

13. Defendant denies the allegations contained in paragraph 13 of the complaint, except to admit that on March 29, 2003, Hoppe, Dee Gunther, the Buyer/Area Manager, and Jeanette Oberhaus, Vice President of Buying and Merchandise arrived at the store for a pre-scheduled meeting with Ms. Brister to inspect the backroom stock, merchandise, displays, and paper work. Defendant further states that they arrived at the gift shop just after 10:00 a.m., but Ms. Brister had already left the store to conduct personal business.

14. Defendant denies the allegations contained in paragraph 14 of the complaint, except to admit that Ms. Hoppe telephoned Ms. Brister at home at 11:51 a.m. on March 29, 2003 and Ms. Brister told Hoppe that she had left the store because she could not wait any longer for her managers since she had "things to do." Defendant also affirmatively states that Ms. Brister abruptly hung up on Ms. Hoppe.

15. Defendant denies the allegations contained in paragraph 15 of the complaint except to admit that on April 1, 2003, Hoppe flew to Boston to visit the gift shop and told Ms. Brister that the Company was suspending her until further notice for insubordination, poor work performance, and more specifically, based on the (i) condition of the gift shop on February 21, 2003 and March 29, 2003, and (ii) Ms. Brister's decision not to attend a vital scheduled meeting with her managers from out of town.

16. Defendant denies the allegations contained in paragraph 16 of the complaint, except to admit that on April 3, 2003, Ms. Hoppe telephoned Ms. Brister and left a message on

her answering machine informing her that the Company was terminating her employment. Defendant further admits that it immediately sent Ms. Brister her final paycheck, and a check for her unused vacation time.

## COUNT ONE

17. Defendant repeats and realleges its responses to paragraphs 1 through 16, and incorporates the same as if fully set forth herein.

18. Defendant states that paragraph 18 constitutes a legal conclusion to which no response is required.

19. Defendant states that paragraph 19 constitutes a legal conclusion to which no response is required.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and leaves Plaintiff to her proof.

21. Defendant denies the allegations contained in paragraph 21 of the complaint.

22. Defendant denies the allegations contained in paragraph 22 of the complaint.

23. Defendant denies the allegations contained in paragraph 23 of the complaint except to admit that Defendant replaced Ms. Brister with an individual that was not pregnant.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint, and leaves Plaintiff to her proof.

25. Defendant denies the allegations contained in paragraph 25 of the complaint.

## COUNT TWO

26. Defendant repeats and realleges its responses to paragraphs 1 through 25, and incorporates the same as if fully set forth herein.

27. Defendant admits that Ms. Brister requested maternity leave of at least eight (8) weeks from Kalama Beach. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and leaves Plaintiff to her proof.

28. Defendant states that paragraph 28 constitutes a legal conclusion to which no response is required.

29. Defendant denies the allegations contained in paragraph 29 of the complaint.

30. Defendant denies the allegations contained in paragraph 30 of the complaint.

## COUNT THREE

31. Defendant repeats and realleges its responses to paragraphs 1 through 30, and incorporates the same as if fully set forth herein.

32. Defendant states that paragraph 32 constitutes a legal conclusion to which no response is required.

33. Defendant admits the allegations contained in paragraph 33 of the complaint.

34. Defendant states that paragraph 34 constitutes a legal conclusion to which no response is required.

35. Defendant denies the allegations contained in paragraph 35 of the complaint.

36. Defendant denies the allegations contained in paragraph 36 of the complaint.

BOI 15724565.1

## COUNT FOUR

37. Defendant repeats and realleges its responses to paragraphs 1 through 36, and incorporates the same as if fully set forth herein.

38. Defendant states that paragraph 38 constitutes a legal conclusion to which no response is required.

39. Defendant states that paragraph 39 constitutes a legal conclusion to which no response is required.

40. Defendant states that paragraph 40 constitutes a legal conclusion to which no response is required.

41. Defendant denies the allegations contained in paragraph 41 of the complaint, except to admit that Ms. Brister requested thirteen weeks of maternity leave.

42. Defendant denies the allegations contained in paragraph 42 of the complaint.

43. Defendant denies the allegations contained in paragraph 43 of the complaint.

## COUNT FIVE

44. Defendant repeats and realleges its responses to paragraphs 1 through 43, and incorporates the same as if fully set forth herein.

45. Defendant states that paragraph 45 constitutes a legal conclusion to which no response is required.

46. Defendant states that paragraph 46 constitutes a legal conclusion to which no response is required.

47. Defendant denies the allegations contained in paragraph 47 of the complaint.

48. Defendant denies the allegations contained in paragraph 48 of the complaint.

### AFFIRMATIVE DEFENSES

1. The Plaintiff, by her conduct, is estopped from bringing this action.

2. The Plaintiff, by her conduct, has waived her right to bring this action.

3. The Plaintiff fails to state a claim upon which relief can be granted.

4. On information and belief, the Plaintiff has failed to mitigate her damages.

5. The Plaintiff's claims are barred by the applicable statute of limitations.

6. Each and every decision made by Defendants affecting Plaintiff was made without regard to gender, or pregnancy

7. Plaintiff's claims are barred to the extent that she fails to set forth a *prima facie* case of employment discrimination.

8. Plaintiff's claims are not actionable because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory and non-pretextual reasons.

WHEREFORE, Defendant requests that this Honorable Court:

a. enter judgment in favor of Defendant and against the Plaintiff;

b. Award Defendant its reasonable attorney's fees and costs incurred in the defense of Brister's action and in its enforcement of the Compensation Agreement;

c.    Order other such relief as the Court deems just and proper.

KALAMA BEACH CORPORATION
By its Attorneys,

_____
Lynn A. Kappelman, (BBO # 642017)
Seyfarth Shaw
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800

Dated: July 11, 2005

## CERTIFICATE OF SERVICE

I, Lynn A. Kappelman, hereby certify that on this 11th day of July, 2005, I served a copy of the foregoing document via first class mail, postage prepaid, to the following counsel of record:

David Belfort, Esq.
Corrigan Bennett & Belfort, P.C.
One Kendall Square, Building 300, 2nd Floor
Cambridge, MA 02139
Boston, MA

_____
Lynn A. Kappelman