UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBIN BRISTER,<br>    Plaintiff<br><br>v.<br><br>KALAMA BEACH CORPORATION,<br>    Defendant. | CIVIL ACTION NO. 05-11459 |

## JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1

NOW COME the Parties to this action, Plaintiff, Robin Brister and Defendant, Kalama Beach Corporation, and hereby submit this joint statement pursuant to Rule 16 (b) of the Federal Rules of Civil Procedure and Local Rule 16.1 (d).

I. Concise Summary of the Positions of the Parties:

    A. Plaintiff's Position:

This action involves the Plaintiff's allegations of Gender/Pregnancy Discrimination under the Massachusetts Fair Employment Practices Act (Count One), Unlawful Retaliation (Count Two), Violation of the Massachusetts Maternity Leave Act (Count Three), Violation of the Family and Medical Leave Act (Count Four), and Violation of the Pregnancy Discrimination Act (Count Five). The Plaintiff, Robin Brister, was hired by Kalama Beach Corporation ("Kalama Beach") in August of 2000. From January of 2001 until her termination on April 3, 2003, Brister was a store manager at the Defendant's "Lamont's Gift Shop" store located in the Hilton Hotel at Logan Airport.

In August of 2002, Ms. Brister notified her supervisor that she was pregnant. Prior to the announcement of her pregnancy, Ms. Brister had no history of performance-related issues. Around the same time that she announced her pregnancy, Ms. Brister began suffering from pregnancy-related complications, which caused her to miss work in order to attend doctor's appointments and to take physician-ordered bed rest. In December of 2002, Ms. Brister requested an extended maternity leave, which her supervisors initially granted and then retracted.

Following Ms. Brister's announcement of pregnancy and request for extended maternity leave, the Defendant subjected her to a series of disciplinary measures, including verbal and written warnings, the revocation of her extended maternity leave, and eventually her termination on April 3, 2003. The facts and evidence will demonstrate that these disciplinary measures were motivated by the Defendant's discriminatory animus, and that the Defendant terminated Ms. Brister in retaliation for exercising her legal rights to medical and pregnancy-related leave.

B. Defendant's Position:

The Defendant Kalama Beach Corporation submits that it terminated the Plaintiff, Robin Brister, from her employment for poor work performance, repeated violations of Company policy, and blatant insubordination. The evidence will reflect that Ms. Brister did not follow the Company's dress code, and on several occasions her managers counseled her because her job performance failed to meet Company standards. Despite this counseling, Plaintiff failed and refused to address her performance problems. Ms.

Brister will produced no evidence that these were not the real reasons for her termination or that her pregnancy was a factor in the Company's decision to terminate her. The record will show that Ms. Brister's store was in complete disarray, her managers had counseled her repeatedly for poor performance, she had violated Company policies, and she had been insubordinate to her superiors. As such, she clearly did not perform her managerial duties in a satisfactory or acceptable manner. She allowed the condition of her store to decline to unacceptable levels, and she did not manage her store effectively. She ignored the managers who had traveled to Boston to meet with her and decided to attend to personal chores instead. It was those performance problems, this insubordination and these errors in judgment which led to the Company's termination decision, and not her status as a pregnant woman.

II. Proposed Schedule For Discovery

   A. Automatic Discovery

The Parties are to serve all Automatic Discovery by **September 13, 2005**, pursuant to this Court's order of July 18, 2005, in accordance with Fed.R.Civ.P. 26 and Local Rules 26.1 and 26.2.

   B. Written Discovery (Exclusive of Requests for Admissions)

The Parties will propound interrogatories and requests for production of documents by **January 13, 2005**. The Parties will respond to interrogatories and requests for production of documents within thirty (30) days.

C. Fact Witness Depositions

The Parties shall depose all fact witnesses by **April 13, 2005**

D. Expert Witness Designations

Under Rule 26 (a) (2) (B) the Parties agree that all expert witness designations will be completed no later than sixty (60) days subsequent to a denial of either party's summary judgment motion, or, if no such motion is filed, the parties agree to designate all trial experts by **July 13, 2006.**

E. Expert Depositions

The Parties shall depose all trial experts within sixty (60) days of the designation of said expert witnesses, but in any event no later than **September 13, 2006**

F. Requests for Admissions

The Parties shall serve Requests for Admissions by **May 13, 2006.**

G. Dispositive Motions

The Parties shall file any Dispositive Motions by **July 13, 2006.**

H. Hearings, Pre-Trial Conference, and Trial Date

The Parties estimate a trial lasting approximately three (3) full days (or five (5) half (1/2) days). The parties presume that they will be ready for trial by **November 13, 2006.**

Respectfully submitted,

**Robin Brister, Plaintiff**
By her attorney,

_David E. Belfort_ (Digitally signed by David E. Belfort, DN: CN = David E. Belfort, C = US, OU = Corrigan, Bennett & Belfort, PC. Reason: I am approving this document. Date: 2005.08.16 09:36:40 -04'00')   Dated: August 16, 2005

David E. Belfort
BBO# 634385
Corrigan, Bennett & Belfort, P.C.
One Kendall Square
Bldg. 300, 2nd Floor
Cambridge, MA 02139
Tel.: (617) 577-8800

**Kalama Beach Corporation, Defendant**
By its attorney,

_/s/ Lynn A. Kappelman_   Dated: August 16, 2005

Lynn A. Kappelman
Seyfarth Shaw, LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800

\\Sarah\documents\home corbenbel\Dave\CLIENTS\Brister, Robin\Rule 16 Statement.doc